Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5883 | **DATE** | 12/17/2001 |
| **CASE TITLE** | GEORGE RIACH vs. MANHATTAN DESIGN STUDIO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants motion for a determination of exceptional case status and request for costs and attorney's fees is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 36 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

DEC 17 2001

| | |
|---|---|
| GEORGE RIACH,<br><br>Plaintiff,<br><br>v.<br><br>MANHATTAN DESIGN STUDIO; IRA LERNER;<br>ASPEX EYEWEAR, INC.; and REVOLUTION<br>EYEWEAR, INC.,<br><br>Defendants. | No. 00 C 5883<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Riach (Riach), commenced a patent infringement action against defendants, Manhattan Design Studio (Manhattan), Ira Lerner (Lerner), Aspex Eyewear, Inc. (Aspex), and Revolution Eyewear, Inc. (Revolution), alleging infringement of United States Patent 5389981 (981 Patent). Subsequently, this Court granted defendants', Manhattan's and Aspex's (collectively defendants), motions for summary judgment, finding that Riach failed to establish that each of the claim limitations were present in defendants' eyewear. Specifically, Riach had not shown that defendants' eyewear included the limiting health benefits included in the 981 Patent.

On October 9, 2001, defendants filed a Motion for Attorney's Fees. On October 30, 2001, Riach filed a Notice of Appeal, appealing this Court's previous ruling. Presently before the Court is defendants' Motion for a Determination of Exceptional Case Status and a Request for Costs and Attorney's Fees.[1]

---

[1] This Court may rule on defendants' pending motions because such motions were filed prior to Riach's Notice of Appeal. *See* Fed. R. Civ. P. 58; Fed. R. App. P. 4(a)(4)(A).



Section 285 of Title 35 provides that a district court "in exceptional cases may award reasonable attorney's fees to the prevailing party." An award of fees is a two step process. First, the court must find that the case is an "exceptional case". If the court determines an exceptional case exists, it then, in its discretion, must decide whether to award attorney's fees. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1365 (Fed. Cir. 1990) (*Badalamenti*).

The party seeking an exceptional case status has the burden of proving that its case is exceptional by clear and convincing evidence. *Badalamenti*, 896 F.2d at 1364. Circumstances that support a finding of an exceptional case include inequitable conduct in the procurement of a patent, willful infringement, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit. *Standard Oil Co. v. American Cynamid Co.*, 774 F.2d 448, 455 (7th Cir. 1985). A frivolous infringement suit is one in which the patentee knew or, on reasonable investigation, should have known, was baseless. An inference of bad faith may be found through wrongful intent, recklessness, or gross negligence. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990).

Defendants argue that the totality of the circumstances support the conclusion that this is an exceptional case.

Defendants first argue that Riach failed to prepare a *prima facie* case for infringement prior to filing his suit and that he knew or should have known that he could not prove his claim of infringement without scientific proof of the health benefits claimed in the 981 Patent. In response, Riach has offered the affidavits of two of his attorneys in which the attorneys aver that they met with Riach on approximately three occasions prior to filing the suit to analyze the claim language of the patent, used magnetometers to measure the magnetic fields projected by eyeglasses of several companies, including the defendants', and communicated with Dr. Kenneth Burke, an optometrist,

2

to discuss the effects of magnetism on blood circulation on the eyes. It was only after the above investigation that the suit was filed under the belief that the health benefits of the 981 Patent were not limitations of the patent, or in the alternative, that defendants' eyewear met any health benefit limitations. Defendants have not shown by clear and convincing evidence that Riach filed his complaint without proper investigation.

Defendants also argue that Riach failed to diligently prosecute his action as demonstrated by the lack of discovery sought within the first months after filing suit, and failing to respond to defendants' motion to strike Riach's experts' declarations. Riach argues that he did not need to initiate discovery under Federal Rule of Civil Procedure 26 because, at the time the suit was filed, the Norther District had opted out of the rule. Furthermore, Riach timely filed an answer to defendants' affirmative defenses, Riach's attorneys made several attempts to communicate with defendants' counsel to discuss discovery during the first eight months of the suit, Riach waited to pursue discovery after defendants informed him that they would be filing a motion to dismiss, and Riach sought discovery after defendants filed their motions to dismiss/summary judgment to enable an adequate response to such motions. Defendants have failed to demonstrate that Riach failed to diligently prosecute his claim.

Defendants next argue that Riach's position concerning claim interpretation was unjustified as demonstrated by the parties' pleadings for the motions and cross-motions for summary judgment. Riach's opposition to defendants' motions for summary judgment and his argument in support of the cross-motions for summary judgment included that the health benefits referenced in the claim should not be used in defining the claim because they were in a "whereby" clause. In the alternative, Riach argued, and attached affidavits supporting such allegations, that defendants' eyewear met all

the limitations, including the health benefits limitations. This Court found that the health benefits were part of the claims limitations and that Riach failed to prove that the defendants' eyewear met the health benefit claims in the 981 Patent. The parties did not dispute that all of the other claims were met by the defendants' eyewear. The Court also struck one of Riach's expert's affidavits and a portion of another expert's affidavit because the averments did not meet the requirements of Federal Rule of Procedure 702.

A review of the summary judgment pleadings does not demonstrate that Riach's arguments were "unjustified" or "frivolous". While Riach ultimately failed to prove the defendants' eyewear met all of the limitations of the 981 Patent, Riach's interpretation of the limitations and his arguments that he made in which he cited relevant case law in support of such arguments do not rise to vexatious or unjustified litigation.

Defendants also argue that Riach's demand for discovery to adequately respond to the defendants' motions to dismiss/summary judgment and his alleged failure to use such discovered materials in his response to the motions for summary judgment demonstrate that his opposition to defendants' motions for summary judgment and Riach's cross-motions for summary judgment were vexatious.

Riach's request for discovery to adequately respond to a motion for summary judgment was proper. At the time the parties were briefing the responses and replies to the motions for summary judgment, little, if any, discovery had been exchanged. Summary judgment is based on undisputed facts; therefore, discovery of facts is generally necessary. Use of discovery is necessary to determine if the opposing party is in possession of facts which would aid in the prosecution or defense of an issue or issues in the case. Riach's diligence in pursuing this potential source of data which may

support his position cannot be found to be vexatious or unjustified because his efforts may have been fruitless and produced no useable facts. Furthermore, Riach did use part of the discovered materials, a catalog of defendants' eyewear, in its response to the motions for summary judgment; and such catalogs were also referenced in one of the affidavits of one of Riach's experts in support of Riach's cross-motions for summary judgment. Accordingly, defendants' argument is without merit.

Lastly, defendants argue that Riach's submission of expert affidavits which did not have proper foundation and which were subsequently found to be inadmissible was reckless or grossly negligent. This Court struck a portion of Dr. Chapman's affidavit and Dr. Elemes' affidavit, finding that Riach failed to demonstrate that the doctors' averments were based on any discernable methodology and because the averments were inadmissible under Federal Rule of Civil Procedure 56(e) because the experts failed to supply adequate foundation, basis, or reasoning for such opinions. The Court did not strike all of Dr. Chapman's affidavit, the remainder of which supported Riach's argument that defendants' eyewear met all of the claim limitations of the 981 Patent except for those relating to the health benefits. Dr. Burke's affidavit also submitted by Riach was not stricken by the Court.

Based on the above facts, the defendants have failed to show by clear and convincing evidence that Riach engaged in misconduct during the litigation or undertook vexatious, unjustified, or frivolous litigation that rises to a level of bad faith to support a finding of an exceptional case under

Section 285. Accordingly, defendants' Motion for a Determination of Exceptional Case Status and Request for Costs and Attorney's Fees is denied.

Dated: 12--12-01

*signature*

JOHN W. DARRAH
United States District Judge